## SUPREME COURT

### SYLLABI

No. 17341. The City of Youngstown v. The First National Bank of Youngstown. Error to the Court of Appeals of Mahoning county.

MUNICIPAL OFFICERS—(1) Police officers for temporary service—(2) Compensation for—(3) Burns law not applicable to emergencies—(4) Subrogation of bank to right of emergency patrolmen it has paid to recover from municipality.

WANAMAKER, J.:

1. Section 4373, General Code, authorizes the mayor of a municipality "In case of riot or other like emergency * * * [to] appoint additional patrolmen and officers for temporary service," and further provides that "Such additional officers or patrolmen shall be employed only for time during which the emergency exists."

2. The word "employed," as used in that statute, clearly implies the reciprocal duty and obligations on the part of the city to compensate such emergency patrolmen.

3. The Burns Law, so-called (Section 3806, General Code), applies to all contracts, agreements or other obligations of the municipality, in the usual and ordinary course of the municipality's official business, but does not apply to the payment of the salaries or compensation of the public officers, whether such officers are elected or appointed, and does not apply to emergencies such as are contemplated by Section 4373, General Code.

4. Where a mayor of a municipality, acting pursuant to Sections 4250 and 4373, General Code, appoints emergency patrolmen, and represents to a bank that the municipality is without funds to either employ or pay such emergency patrolmen, and procures the bank to pay the emergency patrolmen upon the pay roll or certificate of the city auditor of such municipality, and the sum so paid is the fair and reasonable value of such services as theretofore fixed by the municipality, the bank will be subrogated to the rights of such emergency patrolmen and be entitled to recover the money from the municipality.

Judgment affirmed.

Marshall, C. J. Hough, Robinson, Jones, Matthias and Clark, JJ., concur.

No. 17756. The State of Ohio v. Clem Corwin. On Exceptions of the Prosecuting Attorney of Seneca County, Ohio.

CRIMINAL LAW—Acquittal for rape does not preclude second prosecution for rape with consent.

WANAMAKER, J.:

Where one is tried upon a charge of rape with force and violence, under Section 12413, General Code, and upon trial is acquitteed of such charge, and thereafter he is indicted under Section 12414, General Code, charging rape with consent, and interposes a plea of former jeopardy to the second indictment, such plea upon demurrer of the state should be overruled. (State v. Rose, 89 Ohio St., 383, approved and followed.)

Exceptions sustained.

Marshall, C. J. Hough, Robinson, Jones, Matthias and Clark, JJ., concur.

No. 17161. Jacob E. Sloneker v. Alice Van Ausdall. Error to the Court of Appeals of Butler county.

SLANDER—(1) Good reputation of accused, when alleged and denied, becomes issuable—(2) May be proven in chief.

HOUGH, J.:

1. In an action for slander, the good reputation of plaintiff is presumed in law until attacked. When alleged in the petition and denied in the answer, the reputation of plaintiff becomes an issuable fact, and the denial in the answer whether general or specific is an attack.

2. When the pleadings raise an issue in respect to the good reputation of plaintiff, he may seek to prove it in chief as part of his case, and the admission thereof is not prejudicial error. (Blakeslee v. Hughes, 50 Ohio St., 490, overruled.)

Judgment of the court of appeals reversed and that of the common pleas affirmed.

Marshall, C. J., Wanamaker, Robinson, Matthias and Clark, JJ., concur.

No. 17387. Rodney J. Sanborn v. Mamie Sanborn. Error to the Court of Appeals of Lawrence county.

ESTOPPEL—Erroneous judgment not appealed from—payment of part—Estoppel to claim invalidity of other part of the judgment without restoration of sum paid.

MARSHALL, C. J.:

Where a court of competent jurisdiction, having all parties before it, and having jurisdiction of the subject-matter of the action, renders an erroneous judgment, and no appeal or error is prosecuted therefrom, and one of the parties accepts from the opposite party substantial sums of meny awarded by such judgment, and does not thereafter restore or tender restoration of the moneys so received, he is estopped in any collateral proceeding between the same parties from claiming the invalidity of that part of the judgment favorable to the opposite party.

Judgment reversed.

Hough, Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur.